UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ELVA CONSTANCE CUNNINGHAM and :
DARIA ROSS, :
 :
 : **ORDER REGULATING**
           Plaintiffs, : **ALTERNATIVE SERVICE**
    v. :
 : 20 Civ. 3097 (AKH)
GENERAL MOTORS LLC; UWE :
ELLINGHAUS, MELODY LEE, NATHAN TAN, :
SHANNON E. WALLACE, TONYA HALLETT, :
JOHN and JANE DOE 1, 2, 3, :
 :
           Defendants. :
-------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

    On August 12, 2020, I granted Plaintiffs' request to serve Defendant Uwe Ellinghaus by alternative means, namely, by email.  *See* ECF No. 55.  Counsel for Defendants General Motors LLC, Shannon E. Wallace, and Tonya Hallet—but not for Ellinghaus—filed a letter on August 15, 2020, objecting to Plaintiffs serving Ellinghaus by email.  *See* ECF Nos. 58, 60.  Both parties believe, but are not entirely sure, that Ellinghaus presently resides in Germany.  In opposing this method of service, Defendants contend that both international law and German service rules preclude service by email.  Defendants' objection is meritless, and rejected.

    "Under Federal Rule of Civil Procedure 4(f)(3), a Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process."  *F.T.C. v. Pecon Software Ltd.*, No. 12 Civ. 7186, 2013 WL 4016272, at *3 (S.D.N.Y. Aug. 7, 2013) ("*Pecon Software*") (quotation marks omitted).  The United States and Germany are signatories to the Hague Service Convention.  *See* Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.  Article 10 of

that Convention allows for service of process through alternative means——alternative to service through Germany's "Central Authority," *see* Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, at art. 2——such as through "postal channels," provided that the relevant country does not object to that means of service. *See id*. at art. 10(a), https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf. Germany has objected to Article 10, but the objection is limited to the means of service identified in Article 10. *See* Declarations, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=402&disp=resdn ("Service pursuant to Article 10 of the Convention shall not be effected"). Article 10 does not specifically mention email.

"Where a signatory nation has objected to only those means of service listed in Article X, a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article X." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *see Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (declining to "extend countries' objections to specific forms of service permitted by Article 10 of the Hague Convention, such as postal mail, to service by other alternative means, including email"); *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14 Civ. 9913, 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015) (following similar reasoning). Accordingly, service by email is not prohibited by international agreement.

As to due process, "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Pecon Software*, 2013 WL 4016272, at *5. Here, the personal email for Mr. Ellinghaus was provided by the same counsel now objecting to email service, *see* ECF No. 54, at 1. What's more, it appears that, based on the email-tracking tool used by Plaintiffs, Mr. Ellinghaus opened the email sent to him a mere 12 minutes after it was sent to him. *See* ECF No. 59-2.

In sum, both Plaintiffs' request to serve Mr. Ellinghaus by email and this Court's approval thereof are consistent with Federal Rule of Civil Procedure 4(f)(3). If, however, within the next 10 days, Mr. Ellinghaus notifies the Court of a physical or email address where it would be convenient to serve him, Plaintiffs shall serve Mr. Ellinghaus at the address he provides, with such service replacing the email service already completed.

SO ORDERED.

Dated:       August 17, 2020                         _____/s/_____
             New York, New York                       ALVIN K. HELLERSTEIN
                                                      United States District Judge