UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
ELVA CONSTANCE CUNNINGHAM and                                  :
DARIA ROSS,                                                    :   **ORDER DENYING MOTION TO**
                                                               :   **DISMISS**
                             Plaintiffs,                       :
                                                               :   20 Civ. 3097 (AKH)
              v.                                               :
                                                               :
GENERAL MOTORS LLC, UWE                                        :
ELLINGHAUS, *et al.*,                                          :
                                                               :
                             Defendants.                       :
                                                               :
                                                               :
                                                               :
-------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs commenced this action, alleging discrimination and retaliation in violation of federal, New York State, and New York City laws, between 2015 and 2017, against their employer, General Motors, LLC, and against their supervisors. *See Compl*. Defendant, Uwe Ellinghaus, the Chief Marketing Officer of the company and the overall manager of the department in which both Plaintiffs worked, left the company on November 30, 2017 and returned to Germany, of which he is a citizen. Defendant Ellinghaus moves to dismiss the Complaint against him, pursuant to Rules 12(b)(6), 12(b)(2), and 12(b)(5) of the Federal Rules of Civil Procedure, for failure to state a legally sufficient claim for relief, lack of personal jurisdiction, and insufficient service of process. *See* ECF No. 74. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

        Plaintiffs were employed by Defendant General Motors LLC ("General Motors") prior to their respective termination in June and December, 2017. *See Compl.*, at ¶¶ 2, 3.

Plaintiffs allege that they were victims of discrimination and retaliation in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621–34; the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12111–17 ("ADA"); section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C § 2601 *et seq.* ("FMLA"); the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York State and New York City laws. *See Compl.* On October 8, 2020, Defendant filed his motion to dismiss.

## DISCUSSION

### I. Personal Jurisdiction.

Defendant first argues that the Court lacks personal jurisdiction over him. "[W]hen a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing" of jurisdiction. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012); *accord Allianz Glob. Inv'rs GmbH v. Bank of Am. Corp.*, 457 F. Supp. 3d 401, 407 (S.D.N.Y. 2020). The court must "construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013); *accord Affiliated FM Ins. Co. v. Kuehne + Nagel, Inc.*, 328 F. Supp. 3d 329, 333 (S.D.N.Y. 2018). "[A] prima facie showing suffices, *notwithstanding any controverting presentation by the moving party*, to defeat the motion." *Dorchester Fin. Sec., Inc.*, 722 F.3d at 86 (emphasis in original) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)); *accord Allianz*, 457 F. Supp. 3d at 407; *Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp.*, 397 F. Supp. 3d 323, 332 (S.D.N.Y. 2019). "To make out a prima facie case of personal

jurisdiction, whether based on general or specific personal jurisdiction, plaintiffs must establish both 'a statutory basis' for jurisdiction and that exercise of such jurisdiction accords 'with constitutional due process principles.'" *Hiscox Ins. Co. v. Bordenave*, No. 18 CIV. 10222 (PAE), 2019 WL 2616338, at *4 (S.D.N.Y. June 26, 2019) (quoting *Reich v. Lopez*, 38 F. Supp. 3d 436, 454 (S.D.N.Y. 2014), *aff'd*, 858 F.3d 55 (2d Cir. 2017)).  Here, Plaintiffs have established both a statutory basis and conformance with due process principles.

### A.  Statutory Basis.

New York's long-arm statute confers personal jurisdiction on a non-domiciliary, who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1).  The New York Court of Appeals has held that jurisdiction exists where: "(i) a defendant transacted business within the state and (ii) the cause of action arose from that transaction of business." *Johnson v. Ward*, 829 N.E.2d 1201, 1203 (N.Y. 2005).  Both the Complaint and Defendant's own declaration provide that Defendant resided in New York during Plaintiffs' employment. *See Compl.*, at ¶ 29; Ellinghaus Decl., at ¶ 7.  Plaintiffs' causes of action against Defendant also arose from Defendant's alleged discrimination during his employment with General Motors in New York. *See Compl.*, at ¶ 35–36.  Plaintiffs have therefore established a statutory basis for personal jurisdiction pursuant to section 302(a)(1) of New York's Civil Practice Law and Rules.

### B.  Due Process Principles.

"[T]o exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  A court conducts this analysis in two steps: (i) "the court must decide if the individual or entity has 'purposefully directed his activities at the forum and the litigation

arises out of or relates to those activities'" (the "minimum contacts" analysis); and (ii) "the court must 'determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice'" (the "reasonableness" analysis). *In re del Valle Ruiz*, 939 F.3d 520, 528–29 (2d Cir. 2019) (internal citations, quotation marks and, alterations omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 476 (1985)). The parties' dispute here centers around the "reasonableness" analysis, as Defendant concedes that he has minimum contacts with New York.[1] *See* ECF No. 81, at 17; Ellinghaus Decl., at ¶¶ 7–9.

When the existence of minimum contacts is not in dispute, a defendant must present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996). To determine whether a compelling case exists, courts in this Circuit considers five factors: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Id*. (citing *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 113 (1987)). "[D]ismissals resulting from the application of the reasonableness test should be few and far between." *Id.* at 575.

Defendant has not made a compelling showing that the Court's exercise of personal jurisdiction over him would be unreasonable. As a matter of precedent, "generalized complaints of inconvenience . . . do not add up to 'a compelling case that . . . would render jurisdiction unreasonable.'" *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 173

---

[1] Defendant also fails to substantively discuss the "minimum contacts" analysis in both his opening and reply briefs. *See* ECF Nos. 75, 82.

(2d Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)); *accord RV Skincare Brands LLC v. Digby Investments Ltd.*, 394 F. Supp. 3d 376, 385 (S.D.N.Y. 2019). This heavy burden demanded of Defendant does not falter even if he now resides across the Atlantic Ocean. *See Commodity Futures Trading Comm'n v. TFS-ICAP, LLC*, 415 F. Supp. 3d 371, 388 (S.D.N.Y. 2019) ("To be sure, the defendant lives and works in the U.K. But while [the defendant] argues that submitting to U.S. jurisdiction would be 'an extraordinary financial, emotional, and logistical burden,' he makes no particularized showing of why the burden should be so great, apart from the understandable difficulties arising from geographical distance."). Unlike the defendant in *Sharef*, there is no evidence of Defendant's advanced age or lack of English language skills, both of which could militate against exercising jurisdiction. *See S.E.C. v. Sharef*, 924 F. Supp. 2d 539, 548 (S.D.N.Y. 2013). On the other hand, reasons to exercise personal jurisdiction over Defendant are cogent. The alleged discrimination purportedly took place in New York against residents of New York in violation of New York law. *See* ECF No. 81, at 18–19; *see also Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 360 (S.D.N.Y. 2007) ("New York has a particular interest in protecting its residents under its local human rights laws."). None of the relevant factors compels dismissal. Exercising personal jurisdiction over Defendant comports with traditional notions of "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Defendant's motion to dismiss pursuant to Rule 12(b)(2) is denied.

## II. **Failure to State a Claim.**

Defendant contends that Plaintiffs failed to state a claim against him under Title VII, the ADEA, the ADA, and the Rehabilitation Act, because these statutes do not provide for individual liability. *See* ECF No. 75, at 10. Plaintiffs in their opposition brief have made

clear that they are not asserting individual liability against Defendant under these statutes. *See* ECF No. 81, at 12 (citing *Compl.*, at ¶¶ 122–30, 155–58, 165–67, 162–215). If that is so, since Plaintiffs' employer, General Motors, already is a defendant, there is no need to name individual defendants for these federal claims. However, the individual defendants, including Defendant Ellinghaus, are proper defendants under the State and City claims of discrimination. *See, e.g.*, N.Y. Exec. L. § 296 *et seq.*; N.Y. Admin. Code § 8-101 *et seq.*; N.Y. Lab. L. §§ 160, 195(3). The claims against the individual defendants are "so related" as to present essentially the same "case or controversy" as the federal claims against the employer, and the court has supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367(a). Defendant's motion pursuant to Rule 12(b)(6) is therefore denied.

### III. <u>Service of Process</u>.

Defendant also seeks dismissal under Rule 12(b)(5) for insufficient service of process. *See* ECF No. 75, at 17. Specifically, Defendant argues that service by mail or e-mail is improper under Rule 4(f)(3). In August 2020, the Court granted Plaintiffs' motion for alternative service (ECF No. 55) and overruled Defendant's objection raising the same arguments (ECF No. 61), finding that service by e-mail, in this case, comports with both international agreement and constitutional due process. *See F.T.C. v. Pecon Software Ltd.*, No. 12-CV-7186, 2013 WL 4016272, at *3 (S.D.N.Y. Aug. 7, 2013). There is no reason to cause me to change my ruling. *See De Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate otherwise.'" (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002))). Defendant's motion pursuant to Rule 12(b)(5) is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied, except that the individual defendants are to be dropped from the federal claims for relief in Counts I, III, IV, V, VII.  The Clerk of Court shall terminate the open motion (ECF No. 74).

SO ORDERED.

Dated:  March 4, 2021       _____/s/_____
      New York, New York      ALVIN K. HELLERSTEIN
                  United States District Judge